OPINION
{¶ 1} The defendant-appellant, Margie L. Pifer ("Pifer"), appeals the April 12, 2006 Journal Entry entered by the Celina Municipal Court, Mercer County, Ohio finding her guilty of two counts of telephone harassment.
 {¶ 2} On or about October 19, 2005, Pifer called Kathryn Osterfeld ("Osterfeld") who lived at Villa Allegra Apartment Complex Apartment No. 32 and told her that she was with Human Services. Pifer then advised Osterfeld that Human Services knew that someone had been living with her for the past two years and that it was fraud. She stated that Human Services was investigating Osterfeld and that she could possibly lose her benefits if it does not cease. Furthermore, she stated that Human Services would be contacting her in the future to gain additional information.
 {¶ 3} Similarly, on or about October 21, 2005, Pifer called Theresa Taylor ("Taylor") whom lived at Villa Allegra Apartment Complex Apartment No. 17 and told her that she was with Human Services. Pifer then advised Taylor that they knew someone was living with her because they had been collecting license plate numbers. She stated that Human Services was investigating Taylor and that she could lose her benefits if it did not cease.
 {¶ 4} On October 27, 2005, a complaint was filed by Sergeant J.R. Stelzer of the Celina Police Department against Margie L. Pifer for the above mentioned telephone calls as two counts of telephone harassment in violation of R.C. 2917.21(B), misdemeanors of the first degree. On April 12, 2006, the matter came on for trial and Pifer maintained her previous plea of not guilty. The trial court found sufficient facts for a finding of guilty and sentenced her to a $100.00 fine, a term of ten days in jail and ten days of suspension on the condition that she has no similar violations in the next two years.
 {¶ 5} On May 12, 2006, Pifer filed her notice of appeal raising the following assignment of error:
THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF TWOCOUNTS OF TELEPHONE HARASSMENT AS THE CONVICTION WAS NOTSUPPORTED BY SUFFICIENT EVIDENCE.
 {¶ 6} Pifer alleges in her sole assignment of error that the trial court erred in finding her guilty of two counts of telephone harassment because the conviction was not supported by sufficient evidence.
 {¶ 7} In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
An appellate court's function when reviewing the sufficiencyof the evidence to support a criminal conviction is to examinethe evidence admitted at trial to determine whether suchevidence, if believed, would convince the average mind of thedefendant's guilt beyond a reasonable doubt. The relevant inquiryis whether, after viewing the evidence in a light most favorableto the prosecution, any rational trier of fact could have foundthe essential elements of the crime proven beyond a reasonabledoubt.
 {¶ 8} In contrast, when reviewing whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 9} Pursuant to R.C. 2917.21(B),
No person shall make or cause to be made a telecommunication,or permit a telecommunication to be made from atelecommunications device under the person's control, withpurpose to abuse, threaten, or harass another person.
 {¶ 10} In this case, Sergeant Stelzer testified that he investigated the complaints stemming from individuals at the Villa Allegra Apartment Complex, who had received telephone calls purportedly from Human Services threatening the loss of government benefits. He stated that he had heard digital recordings of two of the telephone calls which were preserved on digital answering machines. He established that he recognized Pifer's voice as the voice on the digital answering machines because she has a "very unique voice" and one he had recognized from prior contacts. In addition, Sergeant Stelzer provided physical evidence including photographs of Osterfeld's caller identification providing the phone number that had called her residence and left the message which matched Pifer's number in the local telephone book. Furthermore, he recorded the digital recordings with the use of his video recorder and the tape was played at the trial and was introduced into evidence along with the photographs of the caller identification and a copy of the local telephone book. At the end of his testimony, Sergeant Stelzer stated that "there is no doubt in my mind that that's who's on the phone talking," referring to Pifer.
 {¶ 11} Karen Keneipp, the manager of the Villa Allegra Apartment Complex, testified that she had known Pifer for approximately seven years. She stated that she was advised by some of the tenants that they had received harassing phone calls from Human Services; thus, she set up a meeting at the apartment complex with Mercer County Job and Family Services and the tenants. She stated that she heard a tape of one of the telephone calls and recognized the voice to be that of Pifer. Furthermore, she advised after listening to the admitted video tape exhibit, that she recognized the tape as being the same recording of the telephone call and she recognized the voice as being that of Pifer.
 {¶ 12} Taylor testified regarding the telephone call that she received on October 21, 2005. She advised that she recognized the voice to be Pifer because Pifer's voice was "distinctive" and "low and rough." In addition, she stated that the call upset her by causing her to start shaking and her heart to beat due to the tension and stress. She reported the telephone call to the manager, Karen Keneipp.
 {¶ 13} Osterfeld testified regarding the telephone call that she received on October 19, 2005. She stated that she spoke with Pifer every now and then. She stated that she received a phone call from someone purporting to be with Human Services on October 19, 2005 which she recognized as Pifer's voice. She testified that she was receiving food stamps which she relied on. She stated that she was confused as to why anyone would suggest taking away her food stamps because she didn't have anyone living with her and relied on the food stamps to get food each month. She reported the telephone call to the manager, Karen Keneipp, and was informed that other individuals had been complaining about a similar message.
 {¶ 14} Pifer then testified on her own behalf. She testified as to the turmoil existing at the Villa Allegra Apartment Complex and that she believed that she was the victim of harassment. In addition, her testimony demonstrated her knowledge as to the apartment numbers of Taylor and Osterfeld and the benefits that one can receive from Mercer County Job and Family Services. Furthermore, she referred to the agency as "Human Services" as opposed to the title of Mercer County Job and Family Services, exactly as was stated on the recorded telephone messages admitted into evidence.
 {¶ 15} In sum in reviewing the totality of the evidence, we cannot conclude that the trial court clearly lost its way or created a manifest miscarriage of justice. Furthermore, after viewing the entire record and the evidence in the light most favorable to the State, we conclude that a rationale trier of fact could have found the essential elements of telecommunications harassment proven beyond a reasonable doubt. Accordingly, Pifer's sole assignment of error is overruled. Therefore, the April 12, 2006 Journal Entry entered by the Celina Municipal Court, Mercer County, Ohio is affirmed.
Judgment affirmed.
 Bryant, P.J., and Rogers, J., concur.